**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Bobrowski, ) | No. CV-09-02077-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Red Door Group, Inc., et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it defendants' motion for protective order (doc. 94), plaintiff's motion for extension of time to file response (doc. 101), plaintiff's response (doc. 100), defendants' response to the motion for extension (doc. 103), and defendants' reply in support of the motion for protective order (doc. 104). We also have before us defendants' motion to seal exhibits I, J, and K to the motion for protective order (doc. 102).

Although defendants state that they "regret burdening the Court with unnecessary motion practice" that is exactly what the parties are doing. Response to the Motion for Extension at 2. We already admonished the parties before regarding filing a "series of lengthy documents in which the parties are at each others' throats" (doc. 68). For some reason this "waste of the clients' and the court's precious time" continues. Id.

Defendants seek a protective order for three legal billing statements "inadvertently" turned over to plaintiff during discovery because they claim that the documents are protected by the attorney client privilege. Plaintiff argues that defendants waived the privilege both

1 when they initially turned over the documents during discovery and when they attached them 2 as public exhibits to the motion for protective order. Even if defendants did not waive the 3 privilege, plaintiff argues that the documents are not privileged but discoverable.

4 We do not reach the issue of whether the billing statements are privileged because we 5 find that defendants repeatedly have waived any privilege. To determine whether the 6 privilege should be deemed waived, we consider the circumstances surrounding the 7 disclosure. United States v. de la Jara, 973 F.2d 746, 749 (9th Cir. 1992). Voluntary 8 disclosure of attorney-client privileged communications constitutes waiver of the privilege. 9 United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011).

10 Not only did defendants turn over the privileged documents during discovery, but they 11 then re-filed them as a matter of public record by attaching them as exhibits I, J, and K to the 12 motion for protective order. See doc. 94. Defendants argue that this was inadvertent and that 13 they immediately took steps to rectify the disclosure by filing a motion to seal. However, 14 defendants also include specific quotes from the billing statements in the motion for a 15 protective order. Defendants have not sought to seal the entire motion. The inclusion of 16 specific quotes from the very documents that are allegedly privileged, strongly undercuts 17 defendants' position and supports a finding of waiver. By repeatedly disclosing, three times, 18 the very information claimed to be privileged, defendants have not taken reasonable steps to 19 prevent the disclosure of privileged information. See Jara, 973 F.2d at 750 (stating that the 20 privilege is deemed to be waived if the privilege holder fails to pursue all reasonable means 21 of preserving the confidentiality of the privileged matter).

22 **THEREFORE, IT IS ORDERED** denying defendants' motion for a protective order 23 (doc. 94) and motion to seal (doc. 102). It is **FURTHER ORDERED GRANTING** 24 plaintiff's motion for extension of time (doc. 101).

25 DATED this 1st day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -