**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Bobrowski, | No. CV 09-02077-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Red Door Group, Inc., et al., | |
| Defendants. | |

We have before us plaintiff's motion for reconsideration (doc. 113). In our August 10, 2011 order (doc. 112), we granted defendants' motion for summary judgment on the securities and fraud claims. Plaintiff argues that the court overlooked critical facts.

**I**

Under Local Rule of Civil Procedure 7.2(g), a court should deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." Plaintiff has not met his burden. He does not provide us with newly discovered facts or legal authority. Plaintiff simply restates facts that were presented when we considered the parties' motions for summary judgment. In doing so, plaintiff contravenes LRCiv 7.2(g), which also states that "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the

Order." Nevertheless, we will briefly address plaintiff's contentions.

**II**

Plaintiff contends that a common enterprise actually exists. To state a claim for violation of securities laws, there must be a finding of a common enterprise. SEC v. W.J. Howey Co., 328 U.S. 293, 301, 66 S. Ct. 1100, 1104 (1946). Under the Ninth Circuit's interpretation, a common enterprise is present if either horizontal or vertical commonality exists. SEC v. R.G. Reynolds Ent., Inc., 952 F.2d 1125, 1130 (9th Cir. 1991). We concluded that the transactions at issue were not securities because there was no horizontal or vertical commonality. Plaintiff disputes both conclusions.

Horizontal commonality occurs through pooling assets and giving up claims to profits and losses in return for a pro rata share of the enterprise's profits. We correctly found that neither the express contractual terms nor economic reality provided plaintiff a pro rata share of the enterprise's profits. Plaintiff owned individual units, and the fact that many or all investors used the same management company "establishes, at most, a common agency, not a common enterprise." Revak v. SEC Realty Corp., 18 F.3d 81, 88 (2d Cir. 1994).

Vertical commonality occurs when "the fortunes of the investors are linked with those of the promoters" in a common enterprise. R.G. Reynolds, 952 F.2d at 1130. We acknowledged that the existence of vertical commonality is a close issue, but decided that plaintiff's investment fortunes were not directly linked to the defendants' success and profitability. Plaintiff's only new argument is that the fortunes of the parties are linked because all parties receive higher profits if the condominium units sell quickly. This is a tenuous link. Finding a common enterprise from this evidence "would merely collapse the second prong of the Howey test into the third, which requires that Plaintiffs have expected profits solely from the efforts of the promoter." Lavery v. Kearns, 792 F. Supp. 847, 854 (D. Me. 1992). The evidence plaintiff relies on to support his claims of horizontal and vertical commonality has already been presented to the court and is insufficient to create a factual issue.

**III**

1 | Plaintiff also urges us to reconsider our grant of summary judgment on the issue of fraud. Once again, he fails to submit any newly discovered evidence and relies solely on evidence earlier submitted. He contends that defendants' statements concerning future events are actionable fraud because they were made with the present intent not to perform. To show intent, he points to the defendants' large negative cash flow and discussions of bankruptcy a month after plaintiff's purchase. As discussed in our order, the timing of the statements is not enough to support his claim. Similarly, evidence of a large negative cash flow does not by itself show an intent not to perform.

**IV**

For the foregoing reasons, **IT IS ORDERED DENYING** plaintiff's motion for reconsideration (doc. 113).

DATED this 31st day of August, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge